IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CONCRETE CORING COMPANY OF HAWAII, A PENHALL COMPANY, | ) ) ) | CIVIL NO. 19-00422 SOM-WRP |
| | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| Plaintiff, | ) | PLAINTIFF'S MOTION FOR |
| | ) | EXTENSION OF STIPULATED |
| vs. | ) | ORDER FOR PRELIMINARY |
| | ) | INJUNCTION AGAINST |
| DAVID M. ALISA, ET AL., | ) | DEFENDANTS, ECF NO. 7 |
| | ) | |
| Defendants. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR EXTENSION OF STIPULATED ORDER FOR
PRELIMINARY INJUNCTION AGAINST DEFENDANTS, ECF NO. 7

Before the Court is Plaintiff Concrete Coring Company of Hawaii, a

Penhall Company's (Penhall) Motion for Extension of Stipulated Order for

Preliminary Injunction Against Defendants, ECF No. 7, filed on June 30, 2020

(Motion). See ECF Nos. 27. At the Telephonic Status Conference with the parties

on July 1, 2020, the Court noted the deficiencies in the Motion and directed that if

the Motion was not withdrawn by July 31, 2020, the Court would take the Motion

under advisement and issue a written decision without further briefing. See ECF

No. 39. Penhall did not file a notice of withdrawal of the Motion.

After careful consideration of the Motion, the record in this action,

and the relevant legal authority, the Court FINDS AND RECOMMENDS that

Penhall's Motion be DENIED.[1]

BACKGROUND

This case involves business information allegedly stolen by Defendant David Alisa (Alisa) from Penhall and given to his new, and now former, employer Defendant Pacific Concrete & Coring, Inc. (Pacific Concrete).  See ECF No. 1.

The parties settled this case before Defendants filed a responsive pleading and before any dates were set by the Court.  See ECF Nos. 4, 6, 7.  On September 6, 2019, the district court entered a Stipulated Order for Preliminary and Permanent Injunction Against Defendants David M. Alisa and Pacific Concrete & Coring, Inc. dba National Concrete Sawing (Stipulated Injunction).  See ECF No. 7.  In the Stipulated Injunction the parties agreed to the following terms "[a]s a compromise of disputed claims and without any admission of guilt or wrongdoing":

- Alisa is prohibited from bidding on projects for Pacific Concrete or for any other entity until January 24, 2020;

- If Defendants ever come into possession of Penhall's confidential information, they will not disclose it, will notify Penhall, and turn it over to Penhall;

- Pacific Concrete will cooperate with Penhall in the forensic

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

examination of Alisa's computers;

- Defendants are prohibited from bidding on any of Penhall's 2019 projects, with certain exceptions;

- Defendants shall certify their compliance with the Stipulated Injunction every three months from September 2019 through July 2020; and

- The Court retains jurisdiction over any dispute regarding the Settlement Agreement or the Stipulated Injunction.

See ECF No. 7 at 2-5. In October 2019, the Court approved the parties' Stipulated Order for Stay of Litigation and Court Deadlines (Stipulated Stay). See ECF No. 10. In the Stipulated Stay, the parties agreed to stay the litigation for one year, until October 3, 2020, at which time the parties agreed to submit a stipulation for dismissal based on their Settlement Agreement. See ECF No. 10.

On June 30, 2020, Penhall filed four substantive motions related to the parties' settlement, the Stipulated Stay, and the Stipulated Injunction, which argue that the Settlement Agreement was procured by Defendants' fraud and seek various relief related to that alleged fraud. See ECF Nos. 26, 27, 28, 29. In Motion currently before the Court, Penhall asks the Court to "extend" the terms of the Stipulated Injunction. See ECF No. 27.

## DISCUSSION

In its Motion, Penhall asks the Court to "extend" the two obligations in the Stipulation Injunction that contain time limits. See ECF No. 27-1 at 5-6. Specifically, Penhall asks the Court to extend the prohibition against Alisa bidding

3

on projects for Pacific Concrete or for any other entity, which expired on January 24, 2020, and to extend the requirement that Defendants certify their compliance with the Stipulated Injunction, which expired in July 2020.  See id.

Penhall's Motion provides no legal authority to support "extending" a stipulated injunction.  See id.  The Stipulated Injunction was entered based on the parties' settlement at the parties' joint request, contains an express disclaimer regarding liability, and, importantly, makes no findings regarding the elements for an injunction.  See ECF No. 7.  Although Federal Rule of Civil Procedure 60 allows for modification of a court order, Penhall does not argue that any mistake was made in Stipulated Injunction or ask for relief from the Stipulated Injunction, so Rule 60 does not apply.  See Fed. R. Civ. P. 60; ECF No. 27.

Based on the relief requested in the Motion, it appears to the Court that Penhall is seeking a new preliminary injunction on the terms that it states are merely "extensions" of the prior terms.  A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the moving party is entitled to such relief.  See Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  A party seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of the injunctive relief; (3) that the balance of equities tips in favor of issuing the injunction; and, (4) that issuing the injunction is in the public interest.

4

See id.; DISH Network Corp. v. F.C.C., 653 F.3d 771, 776 (9th Cir. 2011).  The moving party bears the burden of making a clear showing of the existence of all four elements in order to be entitled to the extraordinary remedy of a preliminary injunction.  See EarthIsland Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010). Penhall's Motion does not even mention the legal standard for issuing preliminary injunctions let alone attempt to meet its burden to make a clear showing on all four elements of a preliminary injunction.  See ECF No. 27.  If Penhall wants the relief it seeks, it must move for a preliminary injunction and must prove the four elements necessary to obtain an injunction.

CONCLUSION

The Court FINDS AND RECOMMENDS that Plaintiff Concrete Coring Company of Hawaii, a Penhall Company's Motion for Extension of Stipulated Order for Preliminary Injunction Against Defendants, ECF No. 7 be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 14, 2020.



Wes Reber Porter
United States Magistrate Judge

**CONCRETE CORING COMPANY OF HAWAII, A PENHALL COMPANY, v. ALISA, ET AL.; CIVIL NO. 19-00422 SOM-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR EXTENSION OF STIPULATED ORDER FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS, ECF NO. 7**